■ EMMA FLOYD, as Administratrix of the Estate of MORDAIN FLOYD, Deceased, Appellant, v. UNITED HOSPITAL OF PORT CHESTER, NEW YORK, Defendant, and HENRY HEIMLICH et al., Respondents.— In an action in the nature of malpractice against a hospital and two doctors to recover damages for the wrongful death of plaintiff's intestate, plaintiff appeals from an order of the Supreme Court, Westchester County, made May 18, 1960, granting her motion for reargument but adhering to the court's original decision and order of April 25, 1960, which granted the motion of the two defendant doctors to dismiss the complaint for lack of prosecution and which denied plaintiff's cross motion to strike out their answer because of their failure to appear for examinations before trial or, in the alternative, to direct them to appear for such examination. Issue was joined August 20, 1957. The original motion to dismiss was made in March, 1960. Order made upon reargument modified as follows: (1) by striking out the second decretal paragraph adhering to the original decision; (2) by striking out the third decretal paragraph denying plaintiff's motion to vacate the prior order of April 25, 1960; and (3) by substituting therefor a provision vacating said prior order; a provision denying the motion of the two defendant doctors to dismiss the complaint; and a provision granting plaintiff's cross motion to the extent of directing said doctors to appear and submit to examinations before trial, such examinations to proceed on 20 days' written notice served by plaintiff or on such dates and at such places as may be mutually fixed by written stipulation of the parties. As so modified, the order made upon reargument is affirmed, with $10 costs and disbursements to plaintiff payable by the defendant doctors. Under the circumstances disclosed by this record it was an unsound exercise of discretion to dismiss the complaint. While the delay in placing the case on the calendar was considerable, such delay was occasioned, at least in part, by the defendant doctors' failure to co-operate in completing their examinations before trial. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.

■ JEROME S. HELLER et al., Appellants, v. DANIEL L. ROSE et al., Respondents.— In an action to impress a trust on real and personal property and for other relief, based upon an agreement between a husband and wife, to make a specified testamentary disposition of their property, plaintiffs appeal from a judgment of the Supreme Court, Nassau County, entered December 5, 1960, upon a decision of the court, dismissing the complaint on the merits, after a nonjury trial. The husband and wife, respectively, had been previously married to another. Plaintiffs are the children of the husband's prior marriage; defendants are the children of the wife's prior marriage. Judgment affirmed, with costs. No opinion. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.